PAMELA HITCHCOCK, APPELLANT, v. BOARD OF REVIEW, DIVISION OF EMPLOYMENT SECURITY, DEPARTMENT OF LABOR AND INDUSTRY, STATE OF NEW JERSEY, RESPONDENT.

Superior Court of New Jersey
Appellate Division

Submitted April 11, 1978—Decided April 20, 1978.

Before Judges HALPERN, LARNER and KING.

Camden Regional Legal Services, Inc., attorneys for appellant (*Mr. Herbert O. Brock, Jr.* on the brief).

*Mr. John J. Degnan,* Attorney General of New Jersey, attorney for respondent (*Mr. William F. Hyland,* former Attorney General of New Jersey, and *Mr. Michael S. Bokar,* Deputy Attorney General, of counsel and on the brief).

The opinion of the court was delivered by
LARNER, J. A. D. The Board of Review of the Department of Labor and Industry denied appellant's claim for unemployment benefits because of lack of qualification resulting from the absence of sufficient base weeks or wages to support a valid claim. Claimant's employment consisted of work in the States of New Jersey and Pennsylvania.

The Federal Unemployment Tax Act requires states to permit a claimant who has worked in more than one state

during the base year to combine the employment and earned wages for the purpose of satisfying the statutory qualification. 26 *U. S. C. A.* § 3304(a)(9)(B). Pursuant to this federal legislation, a similar provision was incorporated in the New Jersey act. *N. J. S. A.* 43:21–21(b).

In December 1971 the Secretary of Labor approved an Interstate Arrangement for Combining Employment and Wages drafted by the 50-State Interstate Conference of Employment Security Agencies. 36 *Fed. Reg.* 24992. This Arrangement to which New Jersey Department of Labor and Industry is a party provides in pertinent part:

(a) *Transfer of employment and wages — payment of benefits.* The paying State [here New Jersey] shall request the transfer of a Combined-Wage Claimant's employment and wages in all States during its base period, and shall determine his entitlement to benefits * * * under the provisions of its law based on employment and wages in the paying State, if any, and all such employment and wages transferred to it hereunder. The paying State shall apply all the provisions of its law to each determination made hereunder, even if the Combined-Wage Claimant has no earnings in covered employment in that State, *except that the paying State may not determine an issue which has previously been adjudicated by a transferring State* [here Pennsylvania]. [20 *C. F. R.* § 616.8(a); emphasis supplied]

Another section of that Regulation further states:

To the extent that any protest, request for redetermination or appeal involves a dispute as to the coverage of the employing unit or services in a transferring State, *or otherwise involves the amount of employment and wages,* the protest, request for redetermination or appeal *shall be decided by the transferring State in accordance with its law.* [20 *C. F. R.* § 616.8(d)(3); emphasis supplied]

Pursuant to the foregoing legislation and regulations, the State of Pennsylvania, the transferring state, reported to the State of New Jersey, the paying state, that the claimant had earned $789 over a 13-week period of employment in 1975 with a firm known as Light 'N Lovely. The New Jersey agency combined these earnings with New Jersey earn-

ings of $518 over a five-week period and thus concluded that claimant did not qualify for benefits under the statutory requirement of either 20 base weeks or a minimum of $2,200 in the base year. *N. J. S. A.* 43:21–4(e).

Claimant urges that the agency of the State of New Jersey failed to credit her with an additional eight weeks she claimed to have worked in Pennsylvania in 1974, and the wages thereon. The Pennsylvania agency made a contrary finding based on information supplied by the employer to the effect that claimant did not work for that company in November or December 1974, but in fact started her employment January 1, 1975 and was laid off at the end of March 1975 with total earnings of $789.72.

In light of the cooperative arrangement between the two states, the New Jersey Board requested the State of Pennsylvania to reconsider the issue of the amount of wages and number of weeks reported by the Pennsylvania employer. In response the Pennsylvania agency advised that there was no basis to modify the original finding since applicant was unable to submit any documentary evidence in support of her contention.

The New Jersey Board of Review concluded that it had no authority to overrule the finding of the transferring state and therefore denied benefits. Appellant, disregarding applicable statutes and regulations, asserts that the Board erred in failing to make an independent factual finding based on the oral testimony presented in the local hearing. This contention is clearly without merit. The pertinent legislation and regulations establish the conclusive effect of the Pennsylvania determination as the adjudication of the transferring state.

Appellant further asserts a procedural due process argument based on her inability under the applicable procedure to confront and cross-examine her Pennsylvania employer. It has elsewhere been held and we agree that a claimant's rights are not abridged by a lack of opportunity to confront an out-of-state witness, so long as the determination

in the other state is made by an impartial decision-maker. *Barr v. United States*, 478 *F.* 2d 1152 (10 Cir. 1973); *Klimko v. Virginia Employment Comm.*, 216 *Va.* 750, 222 *S. E.* 2d 559 (Sup. Ct. App. 1976).

Affirmed.